**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Johnson, | No. CV10-8006-PCT-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| State of Arizona, et al, | |
| Defendants. | |

Defendant Shaun Hughes asks for reconsideration of the Court's April 18, 2011 order ("Order") denying in part his motion for summary judgment (Doc. 104). Doc. 107. The Court has given Plaintiff an opportunity to respond to the motion. Docs. 108, 109. For reasons that follow, the Court will grant the motion for reconsideration and grant summary judgment in favor of Defendant Hughes.

**I.     Legal Standard.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross*, 2008 WL 1776502, at *2. Nor should reconsideration be used to make new arguments or to ask

1 the Court to rethink its analysis. *Id.*; *see Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

**II.     Discussion.**

The Order rejected Defendant's qualified immunity argument, holding in part that Plaintiff raised a genuine dispute of fact, that the allegations if assumed true would establish violation of a constitutional right, and that the right was clearly established. Doc. 104 at 3-6. Defendant moves for reconsideration on the ground that the right was not clearly established and that Defendant was entitled to qualified immunity even if the right was clearly established. Doc. 107. The Court will address the second argument first.

Defendant argues that he is entitled to qualified immunity even if Plaintiff's right was clearly established, so long as "one reasonable officer out of the world of reasonable officers could disagree whether [Defendant's] conduct was permissible." Doc. 107 at 6. Defendant made the same argument in his motion for summary judgment without citing any law for the proposition. Doc. 94 at 8:19-28. The Court's Order identified the "clearly established" test as "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Doc. 104 at 5 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). The Ninth Circuit recently confirmed this to be the test. *Garcia v. County of Merced*, ___ F.3d ____, 2011 WL 1680388 (9th Cir. May 5, 2011) ("In determining whether a right was 'clearly established,' the court considers whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." (citing *Saucier*, 533 U.S. at 202)); *see Torres v. City of Los Angeles*, 548 F.3d 1197, 1210 (9th Cir. 2008) (citing *Saucier*, 533 U.S. at 201-02, for the two-part qualified immunity test).

In his motion for reconsideration, Defendant cites in part to *Reynolds v. County of San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996), and *Malley v. Briggs*, 475 U.S. 335, 341 (1986), both decided prior to *Saucier*. Defendant also cites two post-*Saucier* cases in the Fifth Circuit, neither of which is binding law on this Court and neither of which mentioned *Saucier*. The Court is not persuaded that it erred in stating the correct test for the "clearly established" prong of qualified immunity.

The Court now turns to Defendant's first argument: that the right Plaintiff asserts was not clearly established. Defendant begins by noting that the Court found the right to be clearly established on the basis of *Robinson v. Solano County*, 278 F.3d 1007, 1015 (9th Cir. 2002). Defendant argues that *Robinson* – a gun case – did not provide adequate notice to Defendant that pressing a taser against a plaintiff's neck with the stated intent to deploy it could constitute excessive force. Doc. 107 at 3.[1]

Defendant argues that the Ninth Circuit did not hold that deployment of a taser could constitute excessive force until *Bryan v. MacPherson*, 630 F.3d 805 (9th Cir. 2010). Doc. 107 at 3. *Bryan* observed the taser to be relatively new and the case law on tasers to be still developing. *Id.* Defendant notes that *Bryan* cited two other Ninth Circuit cases in recognition that "the law regarding tasers is not sufficiently clearly established to warrant denying officers qualified immunity." *Id.* The cited cases are *Mattos v. Agarano*, 590 F.3d 1082, 1089-90 (9th Cir. 2010), and *Brooks v. City of Seattle*, 599 F.3d 1018, 1031 n.18 (9th Cir. 2010). All three cases – *Bryan*, *Mattos*, and *Brooks* – concern tasers and were decided after the conduct at issue in this case. *Id.* The Court agrees that these 2010 cases recognize that the law with respect to taser use was unsettled.

Given this fact, the Court concludes that it erred when it decided that Defendant's actions violated clearly established constitutional law. Although the facts in *Bryan*, *Mattos*, and *Brooks* differ from the facts in this case, they do show that the law concerning police use of tasers and the effect of that use on constitutional rights was still developing when the events in this case occurred in 2009. Moreover, *Brooks* found that use of a taser on the neck was a "quantum of force . . . less than [] intermediate," 599 F.3d at 1027-28, suggesting that the Order erred in finding that the threatened use of a taser on Plaintiff's neck was a clearly established constitutional violation in 2009. Defendant also notes that the only reported case

---

[1] Defendant argues that *Robinson* was "a case that neither party raised, discussed, or believed was applicable." Doc. 107 at 1:24. It bears mention that Defendant's own motion for summary judgment cited *Robinson*. Doc. 94 at 6:15.

- 3 -

involving the pointing of a taser, *Wallace v. Poulos*, 2009 U.S. Dist. LEXIS 89700 (D. Md. Sept. 29, 2009), found the officers were entitled to qualified immunity. Doc. 107 at 4.

The Court has provided Plaintiff with an opportunity to respond to the motion for reconsideration. Doc. 108. Plaintiff's response does not address *Brooks*. Plaintiff argues only that "[t]he impact of a gun pointed toward one's head and a [taser] pressed against one's neck must be obvious to any trained law enforcement officer," and characterizes the latter as "potentially deadly force, as perceived by the Plaintiff." Doc. 109 at 2.

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202 (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)). "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id.* (citing *Malley*, 475 U.S. at 341). The Court concludes that it committed manifest error when it held that pressing a taser against the neck of Plaintiff was a clearly established constitutional violation in 2009. As the cases discussed above recognize, the law on the use of tasers was unsettled even a year later in 2010. As a result, Defendant Hughes is entitled to summary judgment on the grounds of qualified immunity.

**IT IS ORDERED**:

1. Defendant Hughes's motion for reconsideration (Doc. 107) is **granted**.
2. The Court's April 18, 2011 order (Doc. 104) is vacated to the extent it denied qualified immunity to Defendant Hughes on Claim 1.
3. Summary judgment will be entered in favor of Defendant Hughes on Claim 1.
4. The Clerk shall terminate this action.

DATED this 23rd day of May, 2011.

David G. Campbell
United States District Judge